IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON F. BRIDGES,

      Petitioner,

v.                                         Civil Action No. 1:07cv96
                                         Criminal Action No. 1:05cr80(1)
                                         (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

**OPINION/REPORT AND RECOMMENDATION**

On July 13, 2007, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.01, et seq., and Standing Order No. 4.

### I. Factual and Procedural History

**A. Conviction and Sentence**

On June 2, 2006, the petitioner signed a plea agreement by which he agreed to plead guilty to Count Two of the superceding indictment, possession with intent to distribute 1,495 grams of cocaine hydrochloride in violation of Title 21, United States Code, Section 841(a)(1). See Plea Agreement (dckt. 70) at ¶ 1. In the plea agreement, the parties stipulated and agreed to the total drug relevant conduct of 16,801.92 grams of cocaine hydrochloride, 28.25 grams of cocaine base, and 9,435 grams of marijuana, for a total marijuana equivalency of 4,405.15 kilograms. Id. at ¶ 8. Additionally, the petitioner waived his right to appeal and to collaterally

attack his sentence. Id. at ¶ 10. Specifically, the petitioner's plea agreement contained the following language regarding waiver:

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).

On June 7, 2006, the petitioner entered his plea in open court. Petitioner was 24 years old. (Plea transcript p. 4) The petitioner was a high school graduate with nearly enough credit for an associate's degree. Id. The petitioner was not taking any prescription medication at the time of the plea hearing and knew why he was in court and what he was doing. Id. at 5. The petitioner asserted no problem with his hearing or eyesight which would prevent him from following the proceedings. Id.

After the Government summarized the terms of the plea agreement, the Court proceeded to question the petitioner's understanding of the agreement. In particular, the Court addressed paragraph eight of the plea agreement in which the petitioner stipulated to relevant conduct. Id. at 14-15. The Court also specifically noted the large amount of drugs involved in this case. Id. at 15. The petitioner had no questions or objections regarding the stipulated amount of relevant conduct. In addition, the Court noted that the parties had agreed to a 14-year sentence, which was half or one-third of what a regular guideline sentence would be for a case involving such a large amount of drugs with the possession of two guns. Id. at 16.

The Court next addressed the petitioner's waiver of his appellate and collateral rights. Id. at 18-20. The petitioner stated that he understood that provision. Id. at 20. The court then explained the process the Court must go through, even with an agreed upon sentence, to determine the petitioner's sentencing guidelines. Id. at 23-25. The petitioner stated that he understood. Id. at 24, 25, 26. Afterward, the petitioner was again asked if he understood that by pleading guilty he would be agreeing to give up his appellate rights. Id. at 26. The petitioner stated that he understood. Id. The petitioner was then advised of the rights he would be giving up by pleading guilty. Id. at 27-29. The petitioner stated that he understood. Id. at 27, 28, 29. After fully explaining the consequences of his plea agreement, and of certain specific provisions, the Court asked the petitioner if he was ready to go forward with his plea. Id. at 29. The petitioner stated that he was. Id. In addition, counsel for the petitioner stated that he was satisfied that the petitioner knew what he was doing. Id.

Next, the government put on a witness to establish a factual basis for the plea. Id. at 30-35. Afterward, the petitioner was given the opportunity to add or correct the testimony of the government's witness. Id. at 35. The petitioner declined. Id. The petitioner then pleaded guilty to Count Two of the Superceding Indictment. Id. In doing so, the petitioner admitted participating in the conduct described by the government's witness. Id. at 36. Moreover, the petitioner confirmed that he was not threatened or coerced into making the plea. Id. The petitioner also stated that he was satisfied that he was adequately represented by counsel and that counsel had left nothing undone. Id. Thereafter, the Court found that the petitioner was competent and capable of entering an informed plea, that his plea was freely and voluntarily made, and that he was aware of the consequences of his plea. Id. at 37. The Court deferred

accepting the plea, however, until such time as sentencing, due to the parties' express agreement as to the petitioner's sentence. Id. at 37.

On October 3, 2006, the petitioner appeared before the Court for sentencing at which time the petitioner's plea was accepted and he received a sentence of 168 months imprisonment and four years supervised release.

**B.      Appeal**

The petitioner did not pursue a direct appeal.

**C.      Federal Habeas Corpus**

In his federal habeas petition, the petitioner raises the following grounds for relief:

(1) Ineffective assistance of counsel for

    (a) failing to properly or thoroughly investigate the case and interview witnesses,

    (b) failing to challenge the fact that the government twice charged him for the same drugs,

    (c) failing to challenge where the government "placed me at places and times during these crimes, at and/or during the 'discovery' in this case,"

    (d) failing to correctly and definitively outline and explain the full consequences of the crime, the charges and the penalty that he faced, and instead, telling the petitioner that he was likely to receive a very light and lenient sentence,

    (e) failing to file a bond reduction motion and a motion to suppress evidence as requested, and

    (f) advising petitioner to sign a waiver of his speedy trial rights.

## II. Analysis

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For instance, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, supra, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights.

5

Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel ("IAC") claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted). In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

Here, the undersigned finds that the petitioner knowingly and intelligently waived his appeal and collateral attack rights. Moreover, all of the petitioner's claims arise prior to sentencing. Thus, the claims raised in the instant petition are all barred by the valid waiver contained in the plea agreement.

### III. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be **DENIED and dismissed with prejudice** from the Court's active docket because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 18, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE